UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD DAVENPORT,<br><br>Defendant. | NO. CV-10-027-JLQ<br><br>**PERMANENT INJUNCTION** |

Upon consideration of the United States's Motion for Default Judgment, the Memorandum and Declaration in its support, the Clerk's Order of Default against the defendant Ronald J. Davenport ("Davenport"), and the record in this case, including the Declarations of James A. McDevitt, Rolf H. Tangvald, W. Carl Hankla, and William Waight (Ct. Recs. 13-16), the court makes the following Findings of Fact:

(1) Personal service of the Summons and Complaint in this matter was effectuated on February 4, 2010. Mr. Davenport has defaulted by failing to plead or otherwise defend against this case. The court deems the allegations in the United States' Complaint (docket entry # 1) as established.

(2) The Declarations of James A. McDevitt, Rolf H. Tangvald, W. Carl Hankla, William Waight, and Adam D. Strait establish that defendant Ronald J. Davenport ("Davenport") has wrongfully filed Financing Statements and Notices of Lien against officers of the United States.

(3) The Notices of Lien contain sensitive personal information of the officers of

ORDER - 1

the United States in violation of Washington Revised Code §§ 65.04.045(3) and 65.04.080(2). The Financing Statements purport to contain the officers' home addresses.

(4) The facts presented in the Declarations of James A. McDevitt, Rolf H. Tangvald, W. Carl Hankla, and William Waight, as well as an examination of the documents purporting to give rise to the liens, clearly demonstrate that the officers of the United States have no relationship with Mr. Davenport that would give rise to a filing of a legitimate Notice of Lien. It therefore clearly appears that the Notices of Lien are frivolous. The liens were filed to retaliate against the officers for their good-faith efforts to enforce the tax laws against Mr. Davenport.

(5) From additional documents Mr. Davenport filed after the entry of the Preliminary Injunction in this case, located in the record as Exhibits E through J of the Declaration of Adam D. Strait in Support of United States' Motion for Default Judgment (Ct. Rec. 37), it clearly appears that Mr. Davenport, unless enjoined, may continue to file frivolous liens and similar documents in retaliation for enforcement of the laws of the United States against him.

(6) Plaintiff has demonstrated that the entry of this Injunction is necessary and appropriate to the enforcement of the laws of the United States. 26 U.S.C. § 7402(a).

(7) The United States has demonstrated that continued filings of frivolous liens against officers of the United States would cause irreparable harm, through encumbrance of their property and damage to their credit record.

(8) The United States has demonstrated that it has no adequate remedy at law with respect to any future frivolous lien filings, because of the irreparable harm described above during the time in which it would be required to apply to a court to have the lien filings stricken and the Defendant

ORDER - 2

appropriately punished.

(9) Irreparable harm would also result if Mr. Davenport released the personal identification information of any federal officer.

**WHEREFORE**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

(1) It is hereby **ORDERED** that Ronald James Davenport, as well as any person acting on his behalf, shall be, and he hereby is, **PERMANENTLY ENJOINED** from filing any Notices of Lien or similar documents, recording any documents, or otherwise taking any action in the public records which purports to name a federal officer as a debtor, appoint a federal officer as a trustee, or encumber the rights or the property of any federal officer. This injunction shall not apply if Ronald James Davenport shall first have prior permission to record the document from a United States District Court, which permission shall also be recorded.

(2) It is hereby **ORDERED** that Ronald James Davenport, as well as any person acting on his behalf, shall be, and he hereby is, **PERMANENTLY ENJOINED** from making available to the public in any manner any personal identification information (including social security number, date of birth, or home address) of any federal officer.

(3) For the purposes of the preceding two paragraphs, "federal officer" shall mean any officer, employee, or agent of the United States or any of the agencies of the United States, or any judge, magistrate judge, judicial officer, or judicial employee of the United States, regardless of whether the officer, employee, or agent is named personally, in his or her official capacity, or in any other capacity.

(4) The Defendant, Ronald James Davenport, is cautioned and advised that any wilful violation of this Injunction may result in the imposition of appropriate civil or criminal sanctions as well as constituting contempt of court.

ORDER - 3

(5)  It is hereby **ORDERED** that the UCC Financing Statement, Document Number 2008-217-6564-9, filed on August 8, 2008 with the Washington State Department of Licensing by defendant Ronald J. Davenport against W. Carl Hankla, is declared **NULL**, **VOID**, and of **NO LEGAL EFFECT** and shall be stricken and permanently **EXPUNGED** from the records of the Washington State Department of Licensing.

(6)  It is hereby **ORDERED** that the UCC Financing Statement, Document Number 2009-344-7037-9, filed on December 10, 2009 with the Washington State Department of Licensing by defendant Ronald J. Davenport against Rolf H. Tangvald, is declared **NULL**, **VOID**, and of **NO LEGAL EFFECT** and shall be stricken and permanently **EXPUNGED** from the records of the Washington State Department of Licensing.

(7)  It is hereby **ORDERED** that the UCC Financing Statement, Document Number 2009-344-7041-6, filed on December 10, 2009 with the Washington State Department of Licensing by defendant Ronald J. Davenport against James A. McDevitt, is declared **NULL**, **VOID**, and of **NO LEGAL EFFECT** and shall be stricken and permanently **EXPUNGED** from the records of the Washington State Department of Licensing.

(8)  It is hereby **ORDERED** that the UCC Financing Statement, Document Number 2009-346-7466-1, filed on December 12, 2009 with the Washington State Department of Licensing by defendant Ronald J. Davenport against James A. McDevitt, is declared **NULL**, **VOID**, and of **NO LEGAL EFFECT** and shall be stricken and permanently **EXPUNGED** from the records of the Washington State Department of Licensing.

(9)  It is hereby **ORDERED** that the UCC Financing Statement, Document Number 2009-346-7469-2, filed on December 12, 2009 with the Washington State Department of Licensing by defendant Ronald J. Davenport against Rolf H. Tangvald, is declared **NULL**, **VOID**, and of **NO**

**LEGAL EFFECT** and shall be stricken and permanently **EXPUNGED** from the records of the Washington State Department of Licensing.

(10) It is hereby **ORDERED** that the UCC Financing Statement, Document Number 2009-358-0344-2, filed on December 24, 2009 with the Washington State Department of Licensing by defendant Ronald J. Davenport against William A. Waight and Jean L. Waight, is declared **NULL**, **VOID**, and of **NO LEGAL EFFECT** and shall be stricken and permanently **EXPUNGED** from the records of the Washington State Department of Licensing.

(11) It is hereby **ORDERED** that the Notice of Claim of Maritime Lien, Document Number 5856677, filed on December 2, 2009 with the Spokane County Auditor's Office by defendant Ronald J. Davenport against "U.S. M/V, United States District Court, Eastern Washington", is declared **NULL**, **VOID**, and of **NO LEGAL EFFECT** and shall be stricken and permanently **EXPUNGED** from the records and matrices of the Spokane County Auditor.

(12) It is hereby **ORDERED** that the Notice of Claim of Maritime Lien, Document Number 5858848, filed on December 10, 2009 with the Spokane County Auditor's Office by defendant Ronald J. Davenport against "U.S. M/V James A. McDevitt", is declared **NULL**, **VOID**, and of **NO LEGAL EFFECT** and shall be stricken and permanently **EXPUNGED** from the records and matrices of the Spokane County Auditor.

(13) It is hereby **ORDERED** that the Notice of Claim of Maritime Lien, Document Number 5858849, filed on December 10, 2009 with the Spokane County Auditor's Office by defendant Ronald J. Davenport against "U.S. M/V James R. Larsen", is declared **NULL**, **VOID**, and of **NO LEGAL EFFECT** and shall be stricken and permanently **EXPUNGED** from the records and matrices of the Spokane County Auditor.

(14) It is hereby **ORDERED** that the Notice of Claim of Maritime Lien, Document Number 5858850, filed on December 10, 2009 with the Spokane County Auditor's Office by defendant Ronald J. Davenport against "U.S. M/V Rolf H. Tangvald", is declared **NULL**, **VOID**, and of **NO LEGAL EFFECT** and shall be stricken and permanently **EXPUNGED** from the records and matrices of the Spokane County Auditor.

(15) It is hereby **ORDERED** that the Notice of Claim of Maritime Lien, Document Number 2091202259, filed on December 17, 2009 with the Whatcom County Auditor's Office by defendant Ronald J. Davenport against "U.S. M/V William A. Waight", is declared **NULL**, **VOID**, and of **NO LEGAL EFFECT** and shall be stricken and permanently **EXPUNGED** from the records and matrices of the Whatcom County Auditor.

(16) It is hereby **ORDERED** that the UCC Financing Statement, Document Number 2010-058-5827-0, filed on February 27, 2010 with the Washington State Department of Licensing by defendant Ronald J. Davenport against "Douglas Shulman, Commissioner IRS, Appointed Trustee" and "Fred Van Sickle, Judge, Appointed Co-Trustee", is declared **NULL**, **VOID**, and of **NO LEGAL EFFECT** and shall be stricken and permanently **EXPUNGED** from the records of the Washington State Department of Licensing.

(17) It is hereby **ORDERED** that the UCC Financing Statement, Document Number 2010-059-5850-5, filed on February 28, 2010 with the Washington State Department of Licensing by defendant Ronald J. Davenport against "Fred Van Sickle, Judge, Appointed Trustee", is declared **NULL**, **VOID**, and of **NO LEGAL EFFECT** and shall be stricken and permanently **EXPUNGED** from the records of the Washington State Department of Licensing.

(18) It is hereby **ORDERED** that the UCC Financing Statement, Document Number 2010-078-0696-5, filed on March 19, 2010 with the Washington

ORDER - 6

State Department of Licensing by defendant Ronald J. Davenport against "Treasurer of the United States, Trustee" and "Secretary of the Treasury, Trustee", is declared **NULL**, **VOID**, and of **NO LEGAL EFFECT** and shall be stricken and permanently **EXPUNGED** from the records of the Washington State Department of Licensing.

(19) The United States may record this Judgment in the public records as necessary in order to effectuate paragraphs (5) through (18) of this Permanent Injunction.

**IT IS SO ORDERED**.

The Clerk is hereby directed to enter this Order, enter default judgment in favor of the Plaintiff as specified herein, and furnish copies to counsel and Mr. Davenport.

**DATED** this 11th day of May, 2010.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE